# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY COLEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT FRAUENHEIM, et al.,<br><br>    Defendants. | Case No. 1:17-cv-01276-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No.12)<br><br>**FOURTEEN-DAY DEADLINE** |

    Plaintiff Anthony Coleman ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint on May 2, 2018, and granted Plaintiff leave to amend. (ECF No. 11.) Plaintiff's first amended complaint, filed on May 29, 2018, is currently before the Court for screening. (ECF No. 12.)

**I.    Screening Requirement and Standard**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff is currently housed at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Warden Scott Frauenheim; (2) Secretary Scott Kernan, California Department of Corrections and Rehabilitation ("CDCR"); (3) Mike Rainwater, PVSP Correctional Plant Manager II; (4) Ifoema Ogbuehi, PVSP Nurse Practitioner; and (5) L. Macias, PVSP Correctional Officer.

Claim I

In Claim I, Plaintiff asserts a claim regarding deliberate indifference to excessive flooding in B-yard housing units with visible mold from the ceiling and walls. Plaintiff alleges that on January 12, 2017, due to excessive water in all inmate housing units when it rains, Plaintiff was injured from a slip and fall. After being transported by ambulance to a medical facility, it was determined that Plaintiff had trauma to his left hip and his back. Plaintiff was injected with

taradol and provided ice packs.

Plaintiff contends that it was deliberated indifference "due to fact that it was documented by staff of the severity hazard to inmates and staff. Plaintiff avers that he has been at PVSP since 2009 and knows that on three separate occasions the Warden and Plant Manager received a budget to fix leaks only in the areas where staff worked or were stationed. Plaintiff indicates that a budget has been provided by CDCR, but instead of providing for or working on inmate housing units, the Warden and Plaintiff Manager have elected to work on the same roof for the fourth time. Plaintiff also alleges that nothing has been done about the mold situations.

Claim II

In Claim II, Plaintiff asserts a violation of his right to adequate medical care. Plaintiff alleges that on January 12, 2017, after his treatment from the medical facility. Defendant Ogbuehi became his primary care provider. On the first appointment, Plaintiff received x-rays and his crutches were traded for a cane. Plaintiff requested a MRI for the affected areas of his injury, but his request was denied. After the initial visit, Plaintiff made several requests on a medical form 7263 "for more human assistance which would only help such [as] back brace, extra padding for sleeping, physical therapy, and no narcotics." (ECF No. 12 at pp. 4-5.) Plaintiff asserts that every request was denied by Defendant Ogbuehi. Instead, Defendant Ogbuehi reportedly offered seizure medications for pain and went against the specialist that recommended hip replacement. Plaintiff alleges that he suffers from constant pain due to his injuries.

Plaintiff seeks compensatory damages and physical assistance after his release.

**III. Discussion**

**A. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

At a minimum, Plaintiff has failed to link Defendants Kernan and Macias to any asserted constitutional violation. Indeed, Plaintiff does not identify these defendants in any of his factual allegations.

**B. Supervisory Liability**

As Plaintiff was previously informed, insofar as he is attempting to bring suit against Defendants Kernan, Frauenheim, and Rainwater based on their supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Plaintiff has failed to link Defendants Kernan, Frauenheim, and Rainwater either by direct conduct in a constitutional violation or by identifying a policy that was so deficient that the policy

4

itself a repudiation of the Plaintiff's rights. Plaintiff has not adequately alleged that any of these defendants knew of a specific problem linked directly to Plaintiff's slip and fall, or that they were otherwise involved in a direct violation of Plaintiff's constitutional rights.

### C. Conditions of Confinement

The Eighth Amendment's prohibition of cruel and unusual punishment requires prison officials to provide humane conditions of confinement. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is deliberately indifferent to the inmate's safety. Id. at 834. Thus, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Under the Eighth Amendment, "slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment." LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (quotation omitted). Indeed, federal courts have repeatedly rejected Eighth Amendment slip and fall claims. See Oubichon v. Carey, 2017 WL 2162940, at *8 (E.D. Cal. May 17, 2017) (citing Coleman v. Sweetin, 745 F.3d 756, 764 & n.7 (5th Cir. 2014) (collecting cases); Pyles v. Fahim, 771 F.3d 403, 410 & n.25 (7th Cir. 2014) (collecting cases) ("Federal courts consistently have adopted the view that slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement.")); see also Collier v. Garcia, 2018 WL 659014, at *2 (N.D. Cal. Jan. 31, 2018) (dismissing § 1983 claim alleging prisoner slipped and fell in his cell in a puddle of water from a leaking chase); Aaronian v. Fresno Cty. Jail, 2010 WL 5232969, at *2-*3 (E.D. Cal. 2010) (dismissing § 1983 claim that plumbing leak caused puddle, resulting in plaintiff's slip and fall, as not cognizable); Gilman v. Woodford, 2006 WL 1049739 (E.D. Cal. April 20, 2006) (granting qualified immunity to defendants when prisoner slipped and fell in puddle of water resulting from leaky roof known to defendants), aff'd by 2008 WL 686740 (9th Cir. March 12, 2008) (unpublished memorandum disposition). Therefore, in order state a

cognizable claim for relief, there must be a confluence of exacerbating conditions such that the slippery floor posed a serious, unavoidable threat to plaintiff's safety. See Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998) ("[s]lippery floors without protective measures could create a sufficient danger to warrant relief" when an inmate alleges facts that exacerbate the danger resulting from such conditions; inmate using crutches had repeatedly fallen and injured himself on slippery shower floors); Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996) (finding prisoner failed to plead any exacerbating conditions which rendered him unable to provide for his own safety).

Plaintiff's allegations that he sustained an injury from a slip and fall demonstrate negligence at most. Although provided with the legal standards, Plaintiff has not pled any conditions that rendered him unable to provide for his own safety, preventing him from avoiding puddles or rendering him unable to perceive the slippery conditions. Osolinski, 92 F.3d at 938; Mancinas v. Brown, 2018 WL 1109673, at *2 (E.D. Cal. Mar. 1, 2018) (dismissing prisoner's § 1983 claim that known, ongoing leak caused puddle, resulting in slip and fall).

Plaintiff's remaining allegations regarding flooding and mold are vague, conclusory and insufficient to state a cognizable claim on the face of the complaint. As to the mold, Plaintiff also had failed to adequately allege that any defendant was aware of such condition, knew of a risk to any inmate, including Plaintiff, and failed to take measures to abate that risk. Plaintiff has not alleged that he sustained any injuries related to the mold or the flooding in general. Thus, the Court finds that Plaintiff had failed to state a cognizable Eighth Amendment conditions of confinement claim against any of the defendants.

**D. Medical Care**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and

wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff's amended complaint fails to state a cognizable claim for deliberate indifference to serious medical needs against Defendant Ogbuehi. At best, Plaintiff alleges a either a disagreement with Defendant Ogbuehi regarding treatment for his condition, such as whether he required a back brace or MRI, or a disagreement between Defendant Ogbuehi and another medical professional regarding treatment. In either instance, a mere difference of opinion is not sufficient to support a claim for violation of the Eighth Amendment. Plaintiff also makes various assertions regarding his pain medication. However, Plaintiff's allegations do not suggest that Defendant Ogbuehi denied him pain medication, but instead identify a difference of opinion regarding the pain medication needed to treat his condition. This is not sufficient to state an Eighth Amendment claim.

### IV. Conclusion and Recommendation

Plaintiff's complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 1, 2018**    /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE